UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT B. SALTZMAN, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WHISPER YACHT, LTD.; | : | |
| WHISPER YACHT (USA), LLC; | : | C.A. No. 19-285MSM |
| CHURCHILL YACHT | : | |
| PARTNERS, LLC; and | : | |
| S/Y WHISPER (Official # 71042) | : | |
| its engines, sails, spars, rigging, apparel, | : | |
| contents, bunkers, electronics, tenders | : | |
| and appurtenances, *in rem*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Plaintiff Robert B. Saltzman initiated this admiralty action against Defendants Whisper Yacht, Ltd., and the S/Y Whisper *in rem* (the "Whisper Defendants"), as well as Defendants Whisper Yacht (USA), LLC, and Churchill Yacht Partners, LLC (the "LLC Defendants"). Plaintiff submitted a Verified Complaint advancing five causes of action: Count I, unseaworthiness; Count II, negligence for failure to provide a reasonably safe place to work; Count III, maintenance and cure; Count IV, back wages; and Count V, negligence under general maritime law. ECF No. 1 ("Compl."). The Whisper Defendants filed a motion to dismiss Counts I through IV, or, in the alternative, a motion for summary judgment on those Counts.[1] ECF No. 18. Their central thesis is that Plaintiff does not qualify for "seaman" status under the

---

[1] Despite the Whisper Defendants' attempt to frame the motion in the alternative as seeking dismissal, their repeated citations to facts outside the four corners of the complaint make it abundantly clear that they really seek only summary judgment. Stein v. Royal Bank of Canada, 239 F.3d 389, 392 (1st Cir. 2001) (test for determining whether a district court's ruling is Fed. R. Civ. P. 12(b)(6) dismissal or entry of summary judgment is whether court actually took cognizance of supplementary materials). At the hearing, the Court stated it would accordingly treat the motion as one for summary judgment, and no party objected. That is the approach taken in this report and recommendation.

Jones Act, 46 U.S.C. § 30104, *et seq.*, and consequently lacks entitlement to the protections and remedies pursued in Counts I through IV. Plaintiff responded with a vigorous objection and cross-motion for sanctions in the form of a summary judgment finding in his favor. Key to Plaintiff's objection is his inclusion of a letter from the S/Y Whisper Captain Simon Davison commenting on the nature of Plaintiff's employment. In reply, the Whisper Defendants concede further discovery is necessary on the issues raised in their motion. The motion was referred to me for report and recommendation. 28 U.S.C. § 636(b)(1)(B).

## I. BACKGROUND[2]

Since February 2017, Plaintiff worked as a crewmember on the S/Y Whisper. Compl. ¶ 43. During his employment, he suffered injuries to his arms on September 4, 2017. Id. ¶ 1. While the yacht was in the Newport Shipyard, the yacht's Captain directed Plaintiff to assist in removing the head sail. Id. ¶¶ 50-54, 63-64. Captain Davison activated the furling device of the head sail, causing it to unfurl so it could be removed. Id. ¶ 65. Due to wind, the sail did not lower, and Plaintiff pulled on it to bring it down. Id. ¶ 66. Without notifying Plaintiff, the furling device was activated again. Id. ¶ 68. Plaintiff's arms got caught in the sail and twisted around the cable, resulting in serious injuries to his arms. Id. ¶¶ 69, 71-72.

The Whisper Defendants support their motion for summary judgment with an affidavit from Captain Davison. ECF No. 21-2 ("Davison Aff."). According to Captain Davison's affidavit, Plaintiff's employment was "transitory and sporadic," Captain Davison did not consider Plaintiff part of the vessel's crew and Plaintiff was never a permanent crewmember. Id. ¶¶ 17-18, 43. However, Plaintiff responded with his own counter affidavit ("Saltzman Aff."),

---

[2] The following factual statement reflects the Court's decision to construe the pending motion as a motion for summary judgment. *Supra* n.1. Further, because the Whisper Defendants concede additional discovery is necessary, the facts are limited to only those essential to address the motion in light of that concession.

2

which authenticated a copy of his Voyage Record and a letter bearing Captain Davison's signature and the S/Y Whisper's official stamp on the S/Y Whisper's letterhead. ECF No. 23-1 ¶¶ 19, 48, Pl.'s Ex. A, Pl.'s Ex. C. The letter, dated April 13, 2017, "confirm[s] . . . Robert Benjamin Saltzman . . . as deckhand" on the S/Y Whisper. ECF No. 23-1 ¶¶ 19, 48, Pl.'s Ex. A. It states that Plaintiff "is permanently employed on the vessel 'Whisper' . . . and holds this position indefinitely." Id.

## II.    STANDARD OF REVIEW

Under Fed. R. Civ. P. 56, summary judgment is appropriate if the pleadings, the discovery, disclosure materials and declarations show that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Taylor v. Am. Chemistry Council, 576 F.3d 16, 24 (1st Cir. 2009); Commercial Union Ins. Co. v. Pesante, 459 F.3d 34, 37 (1st Cir. 2006) (quoting Fed. R. Civ. P. 56(c)). A fact is material only if it possesses the capacity to sway the outcome of the litigation; a dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. Estrada v. Rhode Island, 594 F.3d 56, 62 (1st Cir. 2010); Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (quoting Sánchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996)). The evidence must be in a form that permits the court to conclude that it will be admissible at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In ruling on a motion for summary judgment, the court must examine the record evidence "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000) (citing Mulero-Rodriguez v. Ponte, Inc., 98 F.3d 670, 672 (1st Cir. 1996)). There are no trial-worthy issues unless there is competent evidence to enable a finding favorable to the nonmoving party.

Goldman v. First Nat'l Bank of Bos., 985 F.2d 1113, 1116 (1st Cir. 1993). That is, the nonmoving party cannot rest on its pleadings, but must "set forth specific facts demonstrating that there is a genuine issue for trial" as to the claim that is the subject of the summary judgment motion. Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988).

### III. ANALYSIS

As originally brought, the Whisper Defendants' motion for summary judgment asked the Court to find that the undisputed facts establish that Plaintiff was not a seaman and therefore may not prevail on Counts I through IV because they are claims available only to seamen. "In order for an employee to be considered a seaman for Jones Act purposes, three requirements must be met: (i) the watercraft on which he was working when injured must have been a vessel; (ii) his duties must have contributed to the vessel's function or mission; and (iii) his connection to the vessel must have been substantial both in nature and in duration." Stewart v. Dutra Constr. Co., 418 F.3d 32, 35 (1st Cir. 2005). They are right on the law – it is clear that Plaintiff must qualify as a seaman under the Jones Act to pursue Counts I through IV. See Ferrara v. A. & V. Fishing, Inc., 99 F.3d 449, 453-54 (1st Cir. 1996) (requiring seaman status for claims of unseaworthiness, Jones Act negligence and maintenance and cure); Baucom v. Sisco Stevedoring, LLC, 560 F. Supp. 2d 1181, 1201 (S.D. Ala. 2008) (back wages).

Nevertheless, having reviewed the facts marshaled by Plaintiff in his opposition, the Whisper Defendants now concede that there is a material factual dispute pertaining to Plaintiff's status and that they should not succeed in their pending motion for summary judgment. Instead, they acknowledge that further factual discovery must occur to allow them to prove what they still contend is true – that Plaintiff was not a Jones Act seaman. Based on the coalescence of the parties' positions, and the Court's independent review of the Saltzman and Davison Affidavits,

4

juxtaposed with Captain Davison's April 2017 letter, it is crystal clear that summary judgment should not enter in favor of the Whisper Defendants on Plaintiff's status as a seaman.

While now in agreement that summary judgment should not enter, the parties diverge on how the Court should dispose of the pending motion. Wanting a guaranteed second bite at the apple, the Whisper Defendants urge the Court to permit them to withdraw the motion or to deny the motion without prejudice to a subsequent summary judgment motion on the same issue. Plaintiff requests outright denial of the motion, requiring the Whisper Defendants to seek Court permission under DRI LR Cv 56(c) if they wish to file again. Moreover, Plaintiff's response features a cross-motion for sanctions (based on evidence of Captain Davison's conflicting statements) in the form of a summary judgment ruling that Plaintiff is a Jones Act seaman.

Fed. R. Civ. P. 56 does not place a limit upon the number of summary judgment motions a party may file, although this Court's local rules provide that "[n]o party shall file more than one motion for summary judgment unless the Court otherwise permits for good cause shown." DRI LR Cv 56(c). While it appears the First Circuit has not addressed this issue head-on, "at least six circuits have held that district courts have discretion to permit successive motions for summary judgment." Zurich Am. Ins. Co. v. Watts Regulator Co., 860 F. Supp. 2d 78, 94 n.11 (D. Mass. 2012) (collecting cases). And the First Circuit has affirmed a district court's exercise of discretion to consider a fourth summary judgment motion when it "reflected material changes in the posture of th[e] litigation and was grounded on meritorious contentions." F.D.I.C. v. Kooyomjian, 220 F.3d 10, 16 (1st Cir. 2000).

Mindful of this law and the circumstances surrounding the pending motion for summary judgement, particularly the factually robust opposition that Plaintiff has presented, I find that it would be unfair to permit withdrawal. To the contrary, I find that the motion should be denied

outright and that it is premature to decide whether or not the Whisper Defendants may refile for summary judgment later in the case. Having filed for summary judgment once, the local rules prohibit another without leave of Court based on good cause. DRI LR Cv 56(c). Both Zurich American Insurance and Kooyomjian illustrate that a successive motion should flow from developments in the record – not from the misstep of filing the first motion too soon. As the case progresses and the parties uncover facts unknown now to both them and the Court, the Whisper Defendants may well be able to show good cause for another summary judgment motion. Accordingly, I recommend that the motion be denied without further comment on the prospect that they should be afforded an opportunity to make another attempt.

Plaintiff's cross-motion for sanctions (ECF No. 23) should also be denied. He cites Fed. R. Civ. P. 56(h), the Rule authorizing sanctions when an affidavit or declaration is submitted in bad faith. Under that Rule, if the Court finds the conduct is "particularly egregious," Fort Hill Builders, Inc. v. Nat'l Grange Mut. Ins. Co., 866 F.2d 11, 16 (1st Cir. 1989), it may order the offending party to pay expenses and attorneys' fees incurred or hold the party in contempt and impose "other appropriate sanctions." Fed. R. Civ. P. 56(h). It is a high bar. See Michael v. Liberty, 566 F. Supp. 2d 10, 12 (D. Me. 2008) (no sanctions where not established that affidavit "was intentionally false or in bad faith"). Although the contradictions between Captain Davison's affidavit and his April 2017 letter raise serious questions about the Captain's veracity, this case is too young and the record too undeveloped for the Court to find egregious conduct warranting Fed. R. Civ. P. 56(h) sanctions. I recommend that Plaintiff's motion for sanctions in the form of judgment or other consequences be denied, albeit without prejudice to being raised later if similar conduct recurs.

## IV. CONCLUSION

Based on the foregoing and construing the motion as a motion for summary judgment, I recommend that the Court deny the motion (ECF No. 18) of Whisper Yacht, Ltd., and the S/Y Whisper.  I further recommend that the Court deny without prejudice Plaintiff's cross-motion for sanctions.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 4, 2019